1
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE DISTRICT OF ARIZONA**

8 Susan Fischer,

9                                   Plaintiff,          No.  CV-18-1778-PHX-DGC

10 v.                                                        **CASE MANAGEMENT ORDER**

11 Bayer Healthcare Pharmaceuticals,
Incorporation, et al.,
12
13                                   Defendants.

14

15

16        The Court has reviewed the parties' joint memorandum on pretrial discovery, as

17 well as their submission of case management orders.  The Court will not stay this case

18 pending a ruling by the Judicial Panel on Multidistrict Litigation.  The Court will

19 establish a first phase of this case to focus discovery and motion practice on general

20 causation – whether exposure to gadolinium in the manner at issue in this case is capable

21 of causing the injuries and conditions alleged by Plaintiffs.  This case management order

22 applies to all three cases pending before the undersigned judge.

23        1.     Initial Phase of Discovery.  Fact discovery during the first phase will be

24 limited as follows.  The parties will not be required to comply with the Court's

25 Mandatory Initial Discovery Pilot Project during the first phase.

26        (a) Plaintiffs may serve document production requests on Defendants

27 regarding: (1) documents related to the "Important Drug Warning" issued by Defendants

28 on May 21, 2018, relating to gadolinium; (2) documents that relate to clinical trials

conducted or supported by Defendants regarding gadolinium retention in people with unimpaired kidney function or the health effects of gadolinium retention in people with unimpaired kidney function; (3) all submissions by Defendants to the FDA regarding the health effects of gadolinium retention in people with unimpaired kidney function; (4) all submissions by Defendants to the FDA regarding the health effects of their gadolinium-based contrast agents ("GBCAs");

(b)　Plaintiffs may conduct three Rule 30(b)(6) depositions of each Defendant, with no more than eight topics per deposition, including subparts;

(c)　Defendants may serve document production requests on Plaintiffs regarding: (1) their exposure to GBCAs, and (2) their medical records, including but not limited to any records regarding the medical conditions at issue in this case;

(d)　Defendants may, if necessary, depose each Plaintiff for up to three hours each regarding their exposure to gadolinium, their medical histories, and the claimed injuries in this case.

2.　<u>Fact Discovery Deadline</u>.  The deadline for the first phase of fact discovery outlined above shall be **November 2, 2018**.  All requests for production of documents shall be served at least **45 days** before the deadline.

3.　<u>First Phase Expert Disclosures and Discovery</u>.

a.　Plaintiffs shall provide full and complete expert disclosures on general causation, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **November 16, 2018**.

b.　Defendants shall provide full and complete expert disclosures on general causation, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **December 14, 2018**.

c.　Expert depositions shall be completed by **January 18, 2019**.

d.　Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under

Rule 26(a)(2)(B).  Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify.  The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

       e.     As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor."  Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates.  The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts.  Counsel should depose experts with this fact in mind.

       f.     Each party shall be limited to one expert witness per issue.

    4.    Discovery Disputes.

       a.     If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute.  The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference.  The Court may order written briefing if it does not resolve the dispute during the telephone conference.  The parties shall not file written discovery motions without leave of Court.[2]

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826.  Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required.  *Id.*  For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with

b.     Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j).  Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

c.     Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

5.     <u>Daubert Motions</u>.  Daubert motions on general causation shall be filed by **February 1, 2019**, responses by **February 15, 2019**, and replies by **February 22, 2019**. The Court will hold oral argument on the motions on **March 15, 2019, at 1:00 p.m.**

6.     <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

7.     <u>Briefing Requirements</u>.

a.     All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

b.     Citations in support of any assertion in the text shall be included in the text, not in footnotes.

8.     <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>.  The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **60 days** from the date of this Order.

attachments.

9.     If the case is not resolved on the basis of the Daubert motions, the Court will set a schedule for the remainder of the case.

Dated this 17th day of July, 2018.

David G. Campbell
United States District Judge