**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Susan Fischer, | No. CV-18-1778-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Bayer Healthcare Pharmaceuticals Incorporated, et al., | |
| Defendants. | |

Plaintiff Susan Fischer has filed a motion for leave to file a second amended complaint. Doc. 43. Defendants oppose the motion. Doc. 47. The Court will grant the motion in part and deny it in part.

## I.     Legal Standard.

The Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir.2001). A court may deny leave when it would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *See Foman*, 371 U.S. at 182.

## II.    Analysis.

### A.     Undue Delay and Prejudice.

The Court does not agree with Defendants' assertion that the motion to amend is untimely. The motion was filed within the time allowed in the Court's case management

order, and relatively early in the discovery period. Nor does the Court agree that the motion is untimely because it is not based on recently discovered information. Defendants' reliance on *Vicente v. City of Prescott*, No. CV11-08204-PCT-DGC, 2014 WL 1346075, at *1 (D. Ariz. Apr. 3, 2014), is misplaced. *Vicente* concerned a motion to amend filed after the deadline set in the case management order and was governed by Rule 16(b)(4)'s good cause standard, not the liberal amendment standard of Rule 15. *Id.* at 1-2.

The Court also disagrees with Defendants' claim that they will be prejudiced by the amendment. Ample time remains for discovery in this case, and the causation issue to be addressed by the Court on an expedited basis likely applies to each of Plaintiff's proposed new claims.

## B. Futility.

Defendants argue that several of Plaintiff's proposed causes of action (referred to in this order as "counts") are futile because they fail to state a claim for relief.

### 1. Count 2 – Design Defect.

Count 2 asserts a claim for strict liability based on design defect. Defendants assert that once a drug is approved by the FDA, the manufacturer is prohibited from making major changes to the drug. Defendants argue that Count 2 asserts that Defendants should have changed their drug after it was approved, and therefore is preempted by federal law. Defendants present a one-paragraph argument that relies on *Yates v. Ortho-McNeil-Janssen Pharm., Inc.*, 808 F.3d 281 (6th Cir. 2015). Doc. 47 at 13. Plaintiff provides an even shorter reply that does not address this preemption issue at all. Doc. 48 at 9.

The Court notes that at least one case has declined to follow the holding in *Yates* that all design defect claims against drug manufacturers are preempted. *See Guidry v. Janssen Pharm., Inc.*, 206 F. Supp. 3d 1187, 1205 (E.D. La. 2016). *Guidry* agreed with *Yates* that design defect claims based on a failure to change a drug *after* FDA approval are preempted, but held that claims based on a defective design that occurred *before* FDA approval are not preempted. *Id.* at 1205-09. The Court finds this preemption issue far too complex to be decided on the basis of six sentences in Defendants' opposition and four

sentences in Plaintiff's reply. *See* Doc. 47, 48. Given the liberal standard for amendments under Rule 15, the Court will permit Count 2 to proceed. Defendants can present a more detailed preemption argument (addressing *Guidry* and other relevant case law) at the summary judgment stage. If Defendants wish to brief the issue earlier, they may schedule a conference call with the Court to discuss whether earlier briefing is warranted.

### 2.    Count 4 – Breach of Implied Warranty.

Plaintiff concedes that her breach of implied warranty claim is unfounded. Doc. 48 at 9. The Court will not grant leave to add Count 4.

### 3.    Count 5 – Breach of Express Warranty.

Defendants claim that Plaintiff has failed to specify when or how an express warranty was communicated to her, and has failed to allege facts showing that the warranty became the basis of the bargain between her and Defendants. Defendants do not claim, and cannot claim, that this count is subject to the heightened pleading standards of Rule 9(b), like some of the claims discussed below.

Count 5 alleges that Defendants expressly warranted the safety of their drugs in labels, advertisements, and brochures, and that Plaintiff read and relied on the warranties. Doc. 43-2 at 24. The Court's task is not to determine the truthfulness of these allegations now, and the Court finds that the allegations satisfy the notice pleading requirements of Rule 8. The Court therefore will permit the addition of this claim. Defendants may attack the factual basis for these allegations in summary judgment briefing, if warranted.

### 4.    Counts 6 and 7 – Negligent Misrepresentation and Fraud.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The complaint "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986) (citations omitted). The complaint must specify "the who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). The same standard applies to

claims for negligent misrepresentation. *Gould v. M & I Marshall & Isley Bank*, 860 F. Supp. 2d 985, 988 n. 2 (D. Ariz. 2012).

Counts 6 and 7 do not satisfy these heightened pleading requirements, and Plaintiff does not argue otherwise. Doc. 48 at 8-9. The counts fail to identify when, where, or by whom the alleged misrepresentations were made. Doc. 43-2 at 25-31. The motion to amend will not be granted with respect to these counts.

### 5. Count 8 – Fraud by Suppression or Concealment.

Citing authority, Defendants contend that Arizona does not recognize an action for fraud by omission in the absence of some affirmative duty to disclose. Doc. 47 at 12-13. Defendants argue that Count 8 fails to allege the source of any such duty. Doc. 47 at 12-13. Plaintiff does not address this argument. Doc. 48 at 8. The Court agrees that Count 8 fails to identify the source of any duty Defendants had to disclose the facts allegedly omitted, and therefore fails to state a claim with the particularity required by Rule 9(b). The motion to amend will not be permitted with respect to this count.

### 6. Count 9 – Consumer Fraud.

"A claim for consumer fraud is subject to Rule 9(b)." *Wilkinson v. Wells Fargo Bank, N.A.*, No. CV11-02467-PHX-DGC, 2012 WL 1880610, at *2 (D. Ariz. May 22, 2012). Defendants contend that Count 9 fails to plead a claim with particularity under the Arizona consumer fraud statute. Doc. 47 at 11-12. Plaintiff does not respond. Doc. 48. The Court agrees with Defendants. Count 9's bare-bones allegations do not provide the time, place, and specific content of the false representations that allegedly violated the Arizona statute.

**IT IS ORDERED** that Plaintiff's motion for leave to file a second amended complaint (Doc. 43) is **granted in part and denied in part**. Plaintiff may file the proposed amended complaint without the claims set forth in Counts 4, 6, 7, 8, and 9. Other than deleting these claims, the amended complaint should not be altered from the version

presented to the Court. Doc. 43-2. The amended complaint shall be filed within 10 days of this order.

Dated this 4th day of February, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge