**WO**

<br>

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hilary Davis, | Nos. CV-18-1157-PHX-DGC |
| Plaintiff, | CV-18-1159-PHX-DGC |
| | CV-18-1778-PHX-DGC |
| v. | |
| | **ORDER** |
| McKesson Corporation, et al., | |
| Defendants. | |

Defendants have filed motions for summary judgment in these cases. The motions are fully briefed, and no party has requested oral argument. *See* Docs. 225, 228, 229. The Court will grant summary judgment in favor of Defendants.[1]

Defendants' motion is based on the Court's previous ruling excluding Plaintiffs' general causation experts under Federal Rule of Evidence 702. Doc. 217; *see also Davis v. McKesson Corp.*, No. CV-18-1157-PHX-DGC, 2019 WL 3532179 (D. Ariz. Aug. 2, 2019). The Court held that the general causation opinions of Drs. Brent Wagner, Jody

---

[1] Three cases have been consolidated in this action: *Davis v. McKesson Corporation*, No. 2:18-cv-00157; *Munnuru v. Guerbet, LLC*, No. 2:18-cv-01159-DGC; and *Fischer v. Bayer Healthcare Pharmaceuticals, Inc.*, No. 2:18-cv-01778-DGC. Documents cited from the lead case, *Davis*, will be referred to simply as "Doc." Documents cited from the *Fischer* and *Munnuru* cases will be preceded by the Plaintiff's last name. All citations are to page numbers added at the top of the documents by the Court's electronic filing system.

Tversky, and Margret Whittaker are inadmissible, and that the opinions of Dr. Raymond will be limited to the chemistry of GBCAs and gadolinium.  *See id.*  Because none of Plaintiffs' experts will be permitted to opine that GBCAs generally can cause the range of symptoms claimed by plaintiffs, Defendants argue that Plaintiffs cannot prove their claims and that summary judgment is warranted.

Plaintiffs argue that "[b]y imposing an initial 'general causation' requirement, the Court has imposed an additional requirement that does not exist under Arizona law." Doc. 228 at 4.  But Plaintiffs cite no Arizona law in support of this argument, and the requirement of general causation is widely recognized.  *See Grant v. Bristol-Myers Squibb*, 97 F. Supp. 2d 986, 989 (D. Ariz. 2000) ("Causation must be general and specific; the plaintiff must prove that the allegedly toxic substance is capable of causing a particular injury in the general population, and that the substance caused this particular individual's injury."); *see also In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 435 (S.D.N.Y. 2016) ("General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury.  In the absence of evidence of general causation, evidence of specific causation is irrelevant.") (citations and footnotes omitted); *Newkirk v. ConAgra Foods, Inc.*, 727 F. Supp. 2d 1006, 1030 (E.D. Wash. 2010), *aff'd*, 438 F. App'x 607 (9th Cir. 2011) ("If a plaintiff is not able to establish general causation, it is unnecessary to consider whether the plaintiff can establish specific causation."); *Raynor v. Merrell Pharms. Inc.*, 104 F.3d 1371, 1376 (D.C. Cir. 1997) ("[T]estimony on specific causation had legitimacy only as follow-up to admissible evidence that the drug in question could in general cause birth defects.  That first step, establishing a link between Bendectin and human birth defects (general causation), is missing here.").

Plaintiffs next argue that they can establish causation through the testimony of treating physicians who performed a differential diagnosis of Plaintiffs' conditions. Doc. 228 at 4-5.  But none of these physicians was identified by Plaintiffs as an expert on

general causation.  And as the cases cited above show, Plaintiffs must prove both general and specific causation – that GBCAs are capable of causing the wide range of injuries claimed by Plaintiffs, and that they in fact caused Plaintiff's injuries in this case.  As one court well explained:

> The process of differential diagnosis is undoubtedly important to the question of "specific causation".  If other possible causes of an injury cannot be ruled out, or at least the probability of their contribution to causation minimized, then the "more likely than not" threshold for proving causation may not be met.  But, it is also important to recognize that a fundamental assumption underlying this method is that the final, suspected "cause" remaining after this process of elimination must actually be capable of causing the injury.  That is, the expert must "rule in" the suspected cause as well as "rule out" other possible causes.  And, of course, expert opinion on this issue of "general causation" must be derived from a scientifically valid methodology.

*Cavallo v. Star Enter.*, 892 F. Supp. 756, 771 (E.D. Va. 1995), *aff'd in part, rev'd in part on other grounds*, 100 F.3d 1150 (4th Cir. 1996).  As the Federal Judicial Center's Reference Manual on Scientific Evidence notes, "differential diagnoses generally are inadequate without further proof of general causation[.]"  Reference Manual, at 613 n.194.  (3d ed. 2011), available at https://www.fjc.gov/content/reference-manual-scientific-evidence-third-edition-1.[2]

In this case, it is not at all apparent that GBCAs can cause Plaintiff's range of symptoms.  As the Court noted in its previous order, "the FDA and every other regulatory and medical body that has considered the question . . . unanimously have found that there is not enough scientific evidence to conclude that GBCAs cause GDD."  *Davis*, 2019 WL 3532179, at *10.  In such a setting, expert testimony that GBCAs can cause Plaintiff's

---

[2] In support of this statement, the Reference Manual cites the following cases: *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 254 (2d Cir. 2005); *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 885 (10th Cir. 2005); *Meister v. Med. Eng'g Corp.*, 267 F.3d 1123, 1128-29 (D.C. Cir. 2001); *Bickel v. Pfizer, Inc.*, 431 F. Supp. 2d 918, 923-24 (N.D. Ind. 2006); *In re Rezulin Prods. Liab. Litig.*, 369 F. Supp. 2d 398, 436 (S.D.N.Y. 2005); *Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d 591, 608-09 (Tex. Ct. App. 2002).

alleged illnesses is essential to Plaintiff's case. Specific causation opinions of individual doctors is not enough.

Plaintiffs' reliance on *Messick v. Novartis Pharmaceuticals Corp.*, 747 F.3d 1193 (9th Cir. 2014), for the veracity of differential diagnosis, is not helpful. *Messick* concerned a question of specific causation – whether the plaintiff's illness was actually caused by her use of bisphosphonates. The court of appeals noted that "California state products liability law requires only that a plaintiff show that the defendant's conduct was 'more likely than not' a substantial factor in causing the injury in order *to prove specific causation*." *Id.* at 1197 (emphasis added). Because the expert opined that the defendant's substances were a substantial factor in the plaintiff's illness, the Ninth Circuit held that summary judgment was improper: "Dr. Jackson's expert testimony creates a genuine issue of material fact regarding *the specific causal link* between Messick's bisphosphonates treatment and her development of ONJ." *Id.* at 1199 (emphasis added). Thus, *Messick* is a specific causation case. It does not hold that plaintiff-specific differential diagnoses may satisfy the requirement of general causation.

Finally, Plaintiffs suggest that the Court erred in excluding their general causation experts, but they provide no argument on this issue. Doc. 228 at 3.

With their general causation testimony inadmissible under Rule 702, Plaintiffs cannot prove at trial that GBCAs caused their injuries. "[T]he plain language of Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court accordingly will grant summary judgment in favor of Defendants.

**IT IS ORDERED:**

1. Defendants' motions for summary judgment (*Davis* Doc. 225, *Fischer* Doc. 142, and *Munnuru* Doc. 148) are **granted**.

- 4 -

2.    The Clerk is directed to enter judgment and terminate these cases.

Dated this 25th day of October, 2019.

David G. Campbell

_____
David G. Campbell
Senior United States District Judge